IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-00224-01-CR-W-DGK |
| ROBERT P. SALAPUDDIN, | |
| Defendant. | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1.  The Parties.**  The parties to this agreement are the United States Attorney's Office ("USAO") for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Timothy A. Garrison, United States Attorney, and David A. Barnes, Assistant United States Attorney, and the defendant, Robert P. Salapuddin, ("the defendant"), represented by Carie Allen.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2.  Defendant's Guilty Plea.**  The defendant agrees to and hereby does plead guilty to Count One of the Indictment, that is, Receipt of Child Pornography Over the Internet, a violation of 18 U.S.C. § 2252(a)(2), and Count Three of the Indictment, that is, Possession of Child

Pornography, violation of 18 U.S.C. § 2252(a)(4). Count Two will be dismissed at sentencing. The defendant also admits to and agrees to forfeit to the United States the property described in the Forfeiture Allegation of the Indictment and in this plea agreement.

By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is in fact guilty of the offenses. Throughout this document, the term "child pornography" is defined as visual depictions of actual minors engaged in sexually explicit conduct.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty include the following:

On or about January 3, 2016, the date being approximate, in the Western District of Missouri and elsewhere, ROBERT P. SALAPUDDIN, defendant herein, using any means or facility of interstate or foreign commerce, knowingly received a visual depiction, separate and apart from the visual depictions relied upon in Counts Two and Three, that had been shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and the visual depiction contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, and attempted to do so, in violation of Title 18, United States Code, Section 2252(a)(2). Such depictions include, but are not limited to: a video, approximately 1 minute 3 seconds in length, depicting an under 18 year old, white female, touching both her exposed breasts and exposed vagina, moaning the name, "Robert." The date of receipt was on or about January 3, 2016, at 9:39 p.m. (UTC-6) [CART Forensic Report-Bookmark Possible Child Pornography-Videos-Page 2-Item 1.] The video was recovered from the hard drive of the defendant's Compaq laptop.

2

Further, on or about January 11, 2017, in the Western District of Missouri, ROBERT P. SALAPUDDIN, knowingly possessed one or more films, videotapes and other matter which contained one or more visual depictions, separate and apart from the visual depictions relied upon in Counts One and Two, which involved a minor, that had been shipped and transported in or affecting interstate commerce, by any means including by computer, and which were produced using materials which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depictions involved the use of minors engaging in sexually explicit conduct, and were visual depictions of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(4). Such depictions include, but are not limited to: an image depicting an under 18 year old white female, exposing her nude body in a full length photo in front of a bathroom mirror. She has a distinctive two-tone finger polish pattern on her hand that is also holding the cell phone taking the photograph. In another picture, the image depicts a forefinger and middle finger, with the same distinctive two-tone manicure described above, spreading open a vagina. [CART Forensic Report-Bookmark Possible Child Pornography-Images-Page 7-Items 1-3 and 4-6.] The images were recovered from the hard drive of the defendant's Compaq laptop and both the hard drives of the defendant's Dell desktop.

More specifically, from December 24, 2017 to April 2018, the Kansas City, Missouri Police Department in conjunction with the Federal Bureau of Investigation (FBI) conducted an investigation into the defendant after receiving an anonymous tip that the defendant was soliciting young girls to perform sex acts for him via a live streaming app. An analysis of devices recovered during a "knock and talk" investigation at the defendant's residence on January 11, 2017,

determined the defendant received and possessed a collection of child pornography to include videos depicting a young teen age female masturbating while moaning "Oh Rob" and "Oh Robert."

In a non-custodial statement that was audio recorded by both FBI Task Force Officers, the defendant stated the following:

He understood why they (the FBI) were contacting him because he had been accused of being a pedophile online. People were saying that because he talked to a lot of young girls and gave away prizes for made up games. The defendant denied meeting any minor online though he did admit to meeting his former girlfriend online when she was 19 years old.

The defendant then admitted to receiving sexually explicit images and videos of young teenage girls. The defendant admitted to having a masturbation video on his phone. The defendant stated, "You might as well arrest me now because there are images I have saved." The defendant then stated, "You see a sweet thing…like any guy would turn down a video of a 15 year old girl masturbating."

Multiple items of interest were recovered from the defendant to include a Compaq brand laptop used exclusively by the defendant, a Dell Desktop computer and 2 Apple iPhones. Items were triaged at the scene and were found to contain images of child pornography as well as artifacts regarding multiple chats on various internet platforms often using the same user name. During the non-custodial interview, the defendant confirmed that his primary user name was the same user name discovered on the platforms referenced above. In short, in a non-custodial interview, the defendant admitted to using various internet apps to receive and possess videos and images of teenage girls as young as 13 engaging in sexually explicit conduct.

4

A Forensic Examiner with the Heart of America Regional Computer Forensics Laboratory conducted the forensic examination (17-094) of the following items associated with the defendant:

HARCFL099569-Dell Dimension 8300 desktop computer, Service Tag #96K0Q31;

HARCFL099699-Seagate, ST380011A 80 GB hard drive, s/n 3JV5M8JY from the Dell desktop above;

HARCFL099700-Western Digital 160 GB hard drive, s/n WCAV37124246 from the dell desktop above;

HARCFL099567-HP Compaq Presario C500 laptop, s/n 2CA70113R9; and

HARCFL099701-Seagate ST98823A3 80 GB SATA hard drive, s/n 5PK3RHS9 from the Compaq laptop above.

Analysis of the items revealed the following:

- Over 35 videos depicting possible child pornography, many of which appeared to be recordings from web cams or chat programs. In some cases, the video depict females who appear to be under 18 years of age masturbating and saying the name "Rob" or Robert."

- Over 250 images (some duplicates) of possible child pornography were located across the devices.

- Backups of Apple devices included thousands of messages with the user name referenced above and previously associated to the defendant. At least eight messages strings mentioned that the user was under the age of 18.

5

- Over 1000 photos of teenage girls and cell phone screen shots were organized into folders with girls' names and/or the term "nudes." The photos often depicted the subject in a series of photos, both clothed, then naked.

- A photo of depicting a 19 year old male was located on the defendant's Compaq laptop computer and was apparently the defendant's alter ego online at times.

- A video of a live stream chat between an under 18 year old white female as she bathed and someone who sounded like the defendant (when compared to the defendant's audio statement made to the TFOs and the defendant's residence on January 11, 2017. The parties discussed makeup and the girl being just 16 years old. As the girl gets out of the tub, the male off camera voice is heard to say: "Now Rob gets to dress you."

- Further indicia of the defendant's ownership/use of the Dell desktop and the Compaq laptop included photos of the defendant, bank statements, tax documents and resumes.

- All of the media recovered discussed above and below was manufactured outside the State of Missouri.

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges,

6

understands and agrees that the conduct charged in any dismissed counts of the Indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3 (a) (2) in calculating the offense level for the charges to which he is pleading guilty.

**5.** **Statutory Penalties.** The defendant understands that upon his plea of guilty to Count One of the Indictment charging him with the Receipt of Child Pornography Over the Internet, **the minimum penalty the Court may impose is five years of imprisonment**. The maximum penalty the Court may impose is **not more than 20 years of imprisonment**, a $250,000 fine, from five years to life of supervised release, an order of restitution, and a $100 mandatory special assessment. Further, the defendant understands that upon his plea of guilty, the mandatory special assessments, **must be paid in full at the time of sentencing**. The defendant understands that upon his plea of guilty to Count Three of the Indictment charging him with Possession of Child Pornography, the maximum penalty the Court may impose is **not more than 20 years of imprisonment**, a $250,000 fine, from five years to life of supervised release, an order of restitution, and a $100 mandatory special assessment. The defendant further understands that these offenses are Class C felonies. The defendant further understands that the Court will assess a special assessment in the amount of $5,000 pursuant to 18 U.S.C. § 3014 should the Court determine that the defendant is not indigent.

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the

Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable;"

b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed, and in defendant's case, the Court must impose a period of supervised release of at least five years;

d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to two years without credit for time previously spent on supervised release. However, if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A, 110 [child pornography offenses] or 117 or Section 1201 or 1591 of Title 18 of the United States Code, **the law may allow the Court to impose an additional period of imprisonment of 5 years without credit for time previously spent on supervised release**. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court;

i. the defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that he will not contest any such forfeiture proceedings;

8

j. the defendant agrees to forfeit all interests he owns or over which he exercises control, directly or indirectly, in any asset that was used to access, download, capture or store *visual depictions* of actual *minors* engaged in *sexually explicit conduct* (as those italicized terms are defined in 18 U.S.C. § 2256). Including, but not limited to those items received from the defendant on or about January 11, 2017 at his residence :

- HARCFL099569-Dell Dimension 8300 desktop computer, Service Tag #96K0Q31;

- HARCFL099699-Seagate, ST380011A 80 GB hard drive, s/n 3JV5M8JY from the Dell desktop above;

- HARCFL099700-Western Digital 160 GB hard drive, s/n WCAV37124246 from the Dell desktop above;

- HARCFL099567-HP Compaq Presario C500 laptop, s/n 2CA70113R9;

- HARCFL099701-Seagate ST98823A3 80 GB SATA hard drive, s/n 5PK3RHS9 from the HP Compaq laptop above;

- iPhone 5, s/n DX392F0TFF9Y; and

- iPhone 6+, s/n FK1NPBPBG5QF.

k. the defendant states that he is the sole and rightful owner of the property specified in paragraph "j," above. He states that to the best of his knowledge no one else has any ownership or other interest in the property. In the event any federal, state or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to the destruction or any other disposition of the property by the federal, state or local agency without further notice or obligation whatsoever owing to the defendant.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, **agrees not to bring any additional charges against defendant for any federal criminal offenses related to the possession, distribution, or receipt of child pornography for which it has venue and which arose out of the defendant's conduct in the course of the investigation of this case.**

9

**Count Two will be dismissed at sentencing.** The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any

10

recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

        **9.**  **Withdrawal of Plea.**  Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

**10. Agreed Guidelines Applications.**  With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

        a. the Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable;"

        b. the applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G2.2, which provides for a base offense level of 22, based upon the defendant's plea to Count One, a violation of 18 U.S.C. § 2252(a)(2);

c.  because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, the offense level is enhanced 5 points, pursuant to U.S.S.G. § 2G2.2 (b)(5);

d.  because the offense involved the use of a computer, the offense level is further enhanced 2 points, pursuant to U.S.S.G. § 2G2.2 (b)(6);

e.  because the offense involved more than 600 images, the offense level is further enhanced 5 points, pursuant to U.S.S.G. § 2G2.2 (b)(7)(D);

f.  the defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1 (b) of the Sentencing Guidelines.  The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

g.  the parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

h.  the defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels.  Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

i.  the parties agree that the **defendant may seek a downward variance or downward departure to the applicable statutory minimum of five years**. Further, the parties agree that **the United States may not seek an upward variance or departure above the applicable Guidelines and that the United States will not seek a sentence in excess of 10 years.**  The parties agree that the sentences imposed for Counts One and Three should be imposed **concurrently;**

j.  the defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the

12

facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the Indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

k. the defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement; and

l. the parties agree that at sentencing both may argue their respective positions regarding the applicability of the Guidelines calculations reflected in the Presentence Investigation Report.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

13

a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charges in the Indictment;

c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14.** **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against him;

e. the right to compel or subpoena witnesses to appear on his behalf; and

f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the

14

defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

### 15. Waiver of Appellate and Post-Conviction Rights.

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

### 16. Financial Obligations.

By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

a. The Court must order restitution to the victims of the offenses to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the Indictment which are to be dismissed and all other uncharged related criminal activity.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

15

c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $200 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

g. The defendant understands that a separate Special Assessment of $5,000 per count, under 18 U.S.C. § 3014, will be imposed as part of the sentence in this case, should the Court determine that the defendant is not indigent. This Special Assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from this case.

h. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure

16

statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17. <u>Sex Offender Registration</u>**. The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information, including international travel.

The defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements in whatever state he resides following release from prison, and he will be subject to the registration requirements of that state. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

17

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in **Missouri**, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

18. **Defendant Will Surrender to Custody At The Plea if Ordered to Do So.** The defendant understands that the crimes to which he is pleading, the receipt of child pornography over the internet and the possession of child pornography, are both a "crime of violence," as defined by 18 U.S.C. § 3156(a)(4)(C). Accordingly, the Government believes that pursuant to 18 U.S.C. § 3143(a)(2) the Court must detain the defendant after he pleads guilty to the offense. **The defendant hereby agrees not to contest his detention immediately after the guilty plea, and to surrender to the custody of the U.S. Marshals at that time if ordered to do so.**

19. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

18

**21.  Defendant's Breach of Plea Agreement.**  If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.  The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings.  The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**22.  Defendant's Representations.**  The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel.  The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

19

**23.** **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**24.** **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings.

The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Timothy A. Garrison
United States Attorney

Dated: 05/10/2020

David A. Barnes
Assistant United States Attorney
Special Victims Unit

20

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 9/10/20

_____
Robert P. Salapuddin
Defendant


I am Robert P. Salapuddin's attorney. I have fully explained to him his rights with respect to the offenses charged in the Indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines, which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Robert P. Salapuddin's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 9/10/20

_____
Carie Allen
Attorney for Defendant Robert P. Salapuddin

21