IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cr-00224-01-DGK |
| | ) | |
| ROBERT SALAPUDDIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM AND
MOTION FOR A DOWNWARD VARIANCE FROM
ADVISORY SENTENCING GUIDELINES RANGE**

COMES NOW Defendant, Robert Salapuddin, by counsel, and respectfully requests that this Honorable Court vary downward from the Guidelines when imposing a sentence in his case, pursuant to 18 U.S.C. § 3553(a). The Guidelines sentencing range in this case is 360 months (statutory maximum) imprisonment to be followed by a term of supervised release of not less than five years to life. Mr. Salapuddin request a downward variance to a sentence of 180 months, which would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a). In support of this motion, Mr. Salapuddin offers the following:

## SUGGESTIONS

**I.**   *Case Background.*

Mr. Salapuddin has limited criminal history and no prior sexual offense charges or convictions, not does he have any prior convictions of a violent nature. Prior to being arrested on the instant offense, Mr. Salapuddin had consistently supported himself through restaurant work[1]. It should be noted that after his stroke in 2016, he was relegated to working as a host or clerk, because that is one of the only positions in the industry that requires minimal physical labor. Unfortunately, these positions are also some of the lowest paying.

Mr. Salapuddin has expressed remorsefulness for his behavior and stated his commitment to take responsibility for his actions. He never denied any of his activities nor made excuses. He will be able to take advantage of sex offender counseling and services in the Bureau of Prisons, and can be released as a contributing member of his community.

Mr. Salapuddin's severe disability is also very important to consider in *why* he committed these crimes. Mr. Salapuddin went from being an able-bodied man, to disabled person confined to a wheelchair overnight. He lost any self-confidence he previously had. His profile picture was not of himself, but of a younger man, who did not appear to be handicapped. While none of this is presented to excuse his crimes, it does give context to how they came about.

**II.**   *Analysis.*

    **A.**   **The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense pursuant to 18 U.S.C. § 3553(a).**

A sentence of fifteen years, followed by a term of supervised release will meet the need

---

[1] The PSI notes that Mr. Salapuddin has a history of theft from restaurants. While he does not deny that this is true, the last theft incident was in 2008, and Mr. Salapuddin has remained gainfully employed in the industry well after that time.

to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

According to the Social Security Administration, Mr. Salapuddin is expected to live for approximately 34 more years[2]. A sentence of fifteen years will be almost one-half of his remaining life expectancy. *See* Social Security Actuarial Life Table at: https://www.ssa.gov/oact/STATS/ table4c6.html. The sentence requested is therefore a significant sentence.

**B.     The need to afford adequate deterrence to criminal conduct and the need to protect the public from further crimes of the defendant pursuant to 18 U.S.C. § 3553(a).**

A sentence of fifteen years will meet the need to afford adequate deterrence to criminal conduct. Mr. Salapuddin is truly remorseful for his conduct. Moreover, even after he is released from incarceration he will be required to register as a sex offender the rest of his life. With respect to others who will hear of his crime, sentence and other consequences, a sentence of fifteen years, a lengthy period of supervised release and his required lifetime registration as a sex offender will send the message that his type of behavior will be prosecuted under the law and significant consequences will be imposed.

Furthermore, there is no indication that a Guidelines range sentence would provide any more deterrence than the lengthy sentence that the government and Mr. Salapuddin are jointly requesting. There are reliable sources that show that extremely lengthy sentences do not serve to provide greater deterrence.

The U.S. Department of Justice, Office of Justice Programs, National Institute of Justice,

---

[2] This number is only for the *average* age expectancy of the male population, it does not take into account his significant disability. Although Counsel does not have a physician who can opine on exactly how much longer Mr. Salapuddin can expect to live, it is certainly below the median age.

published, "Five Things About Deterrence." Four of the "Five Things" are relevant here:

(1) The *certainty* of being caught is a vastly more powerful deterrent than the punishment;

(2) Sending an individual convicted of a crime to prison isn't a very effective way to deter crime;

(3) Police deter crime by increasing the perception that criminals will be caught and punished; and

(4) Increasing the severity of punishment does little to deter crime.

*See* National Institute of Justice *Five Things About Deterrence,* May 2016. Other studies support the assertion that there is no difference between probation and imprisonment in deterrent effect. *See* National Research Council, *The Growth of Incarceration in the United States: Exploring Causes and Consequences*,134-40, 337 (2014) (examining empirical studies and concluding that because the marginal deterrent effect of long sentences, if any, is so small and so far outweighed by the increased costs of incarceration, long sentences are "not an effective deterrent").

In addition to a sentence of imprisonment, this Court must order a sentence of supervised release of at least five years. With respect to that term of supervised release, this Court may place restrictions and reporting requirements on Mr. Salapuddin. Additionally, because of this conviction, he will be required to register as a sex offender for life. Thus, Mr. Salapuddin will be supervised in some manner (officially and/or by his community members) for the remainder of his life. Thus, a sentence of fifteen years, with at least five years of supervision to follow, will meet the need to protect the public from further crimes.

### C. The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner pursuant to 18 U.S.C. § 3553(a).

A sentence of fifteen years will meet the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Mr. Salapuddin needs significant medical care. He would also benefit from counseling and mental health treatment, including sex offender treatment. A sentence of fifteen years will provide more than enough time for Mr. Salapuddin to complete all of the programs in this regard that the Bureau of Prisons has to offer. Any further amount of time would just be excessively punitive, cost taxpayers, and be a waste of the productivity that a rehabilitated Mr. Salapuddin could provide to his community.

### D. The kind of sentence and sentencing range established and the need to avoid unwarranted sentence disparities pursuant to 18 U.S.C. § 3553(a).

This Court has discretion to vary downward and enter a sentence of fifteen years as requested by the parties. *See United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a).

The United States Sentencing Commission's 202021 Sourcebook of Federal Sentencing Statistics (Sourcebook) also provides relevant information in assisting this Court in avoiding an unwarranted sentencing disparity in this matter. In the Sourcebook, with respect to the category of sexual abuse crimes, the median length of sentence in Fiscal Year 2019 for people like Mr. Salapuddin with child pornography offenses was 103 months.[3] *See*, *United States v. Pierre*, 870 F.3d 845, 850 (8th Cir. 2017)(The statutory direction to avoid unwarranted disparities among defendants, 18 U.S.C. § 3553(a)(6), refers to national disparities). Thus, a sentence of fifteen years, to be followed by a term of supervised release of not less than five years, will meet the need

---

[3] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2016/Table14.pdf.

5

to avoid unwarranted sentence disparities.

### E. Collateral consequences.

The collateral consequences of Mr. Salapuddin's actions and conviction are significant and will endure the rest of his life. In addition to serving whatever term of imprisonment is imposed herein at the Bureau of Prisons, being subject to supervision upon release, being required to register as a sex offender, he has lost his employment, good reputation in the community, and time with his family. *See United States v. Anderson*, 533 F.3d 623, 633 (8th Cir. 2008) (the Court specifically addressed other ways in which the defendant had suffered atypical punishment such as the loss of his reputation).

### F. Low possibility of recidivism.

Mr. Salapuddin is 39 years of age. Recidivism rates decline as age increases, from 67.6 percent for offenders released prior to age 21 to 16 percent for offenders over sixty years old at the time of release. *See,* United States Sentencing Commission, *Recidivism Among Federal Offenders: A Comprehensive Overview* (March, 2016) (http://www.ussc.gov/sites/default/files/ pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf). With a sentence of fifteen years, Mr. Salapuddin will be at least 50 years of age upon release, and have a significantly reduced likelihood of reoffending.

## III. Conclusion.

Based on the arguments set forth herein, Mr. Salapuddin submits that a downward variance pursuant to 18 U.S.C. § 3553(a) to a sentence of fifteen years, to be followed by a term of supervised release of not less than five (5) years, is supported by the factors set forth above and would be sufficient, but not greater than necessary, to accomplish the goals of sentencing in this

6

Case 4:19-cr-00224-DGK   Document 43   Filed 07/02/21   Page 6 of 8

case.

WHEREFORE, Mr. Salapuddin requests that this Honorable Court grant the motion for a downward variance, and sentence Mr. Salapuddin to a term of imprisonment of fifteen years, to be followed by a reasonable term of supervised release of not less than five (5) years.

Respectfully submitted,

 /s/ Carie Allen
Carie Allen
Assistant Federal Public Defender
1000 Walnut, Suite 600
Kansas City, MO 64106
(816) 471-8282

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that on July 2, 2021, the foregoing motion was electronically filed and delivered to David Barnes, Asst. U.S. Attorney, 400 E. 9th, Kansas City, MO 64106.

    /s/ Carie Allen
Carie Allen